JACKSON, *ex dem.* DEMONT, *against* SACKETT and DAVIS.

*T. Mumford* moved for an attachment against the defendants for not paying costs, pursuant to a rule of this court. The costs had been demanded of the defendants by Mr. *C.* pursuant to a power of attorney from Mr. *M.* the attorney for the plaintiff; but it did not appear in the affidavit for the motion that Mr. *C.* had exhibited his power

To warrant an attachment for not paying costs pursuant to a rule of court, where the costs are not demanded by the party entitled to them, or his attorney, the power to demand them should be exhibited to the party of whom they are demanded.

er to the defendants, to make the demand; and, on this ground,

*L. F. Stevens* opposed the motion.

*Mumford* said, it lay with the defendants to object the want of a power at the time, and demand an exhibition of it; otherwise they waived its production.

*Curia.* We think otherwise. You must shew the defendants to be in contempt. For this purpose you are required to exhibit the original rule. It is still more important that the power should be shown. In most cases, parties have knowledge of the rule taken against them; or may, at least, obtain knowledge of it by searching the minutes of court. The power is a private document, the knowledge of which lies between the attorney and his agent. The uniform practice has been to require its exhibition. The motion must be denied.

Motion denied.